# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 1:13-CR-126 |
| | * | |
| TRACY DUPREE | * | |

# O R D E R

On September 25, 2013, Tracy Dupree ("Dupree") pled guilty to Fraud and Related Activity in Connection with Access Devices. (Doc. 28.) That charged stemmed from Dupree's possession of more than fifteen pre-paid debit cards associated with a tax refund scheme. (See Doc. 1.) On May 21, 2014, this Court sentenced Dupree to forty-six (46) months' imprisonment. (Docs. 31, 32.) Now before the Court are two filings, one Dupree styled as a "Motion for a Judicial Recommendation" (Doc. 34) and a similar "Motion for Sentence Reconsideration and/or Sentence Modification" (Doc. 35).

In Dupree's "Motion for Sentence Reconsideration and/or Sentence Modification," she asks the Court to (1) release her with time served, (2) release her to home confinement, or (3) reduce her remaining sentence by 12 months because, among other reasons, she is a first-time offender, has completed and continues to participate in a number of educational programs

during her incarceration, and her mother is ill. (Doc. 35 at 3, 5.) Before reaching the merits of Dupree's contentions, the Court must first determine whether it has the power to reconsider her sentence.

"A district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)).

None of these avenues are available to the Court in this case. Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). The Court sentenced Dupree on May 21, 2014, and she filed the present motions during August 2015. This time frame clearly falls outside the fourteen-day window. Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CRIM. P. 35(b). No such motion has been filed by the government. Moreover, the Bureau of Prisons has not moved to reduce Dupree's term of imprisonment based on extraordinary circumstances or age, and there is no applicable

2

change in the sentencing guidelines that has reduced Dupree's guideline range. See 18 U.S.C. § 3582(c). The Court thus **DENIES** Dupree's "Motion for Sentence Reconsideration and/or Sentence Modification."[1] (Doc. 35.)

In the "Motion for a Judicial Recommendation," Dupree requests "that home confinement be granted" via the Second Chance Act to facilitate her successful re-entry and desire to assist with her mother's care. (Doc. 34 at 2, 3.) As Dupree acknowledges (see id. at 3), the "primary authority to designate [a] defendant's manner and place of confinement at any stage during execution of [her] prison sentence rests with the Bureau of Prisons, not with the Court."[2] United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997). The proper vehicle to challenge the *execution* of a sentence, rather than the *validity* of the sentence itself, is a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Kinsey, 393 F. App'x 663, 664 (11th Cir. 2010); Antonelli v. Warden,

---

[1] To the extent Dupree intends to attack the validity of her sentence on the grounds that she was "held accountable for an Intended Loss amount of $128,450 instead of the Actual loss[,] which was $84,796" and the victims in her case "had not suffered any financial loss" (Doc. 35 at 2), she must do so through a separately-filed 28 U.S.C. § 2255 petition.

[2] Likewise, "[t]he Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court." United States v. Squire, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012).

U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008); <u>Veneziano v. Grayer</u>, No. 1:07-CV-2047 TW, 2008 WL 542638, at *2 (N.D. Ga. Feb. 22, 2008) ("An aspect of the execution of a federal prisoner's sentence is the BOP's choice of his place of confinement.")(citations omitted).

Even if the Court liberally construes Dupree's motion to be a § 2241 petition, her claim still must be dismissed for lack of jurisdiction because she did not file it in the district in which she is incarcerated — the United States District Court for the Northern District of West Virginia. <u>See</u> <u>United States v. Pruitt</u>, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the district in which the inmate is incarcerated.") (citation and internal quotation marks omitted).

Finally, to the extent Dupree merely asks — as other defendants have — for a letter of recommendation for the BOP's consideration, the Court declines to do so. This Court sentenced Dupree pursuant to the Sentencing Reform Act of 1984 and fully weighed the 18 U.S.C. § 3553(a) factors. It adheres to the letter *and* *spirit* of the rule that it may not modify a term of imprisonment once it has been imposed, except where expressly permitted. To make gratuitous judicial recommendations at the post-conviction stage too closely resembles reconsideration of the sentence that the Court already

4

carefully considered. This the Court is unwilling to do. For these reasons, the Court also **DENIES** Dupree's "Motion for a Judicial Recommendation." (Doc. 34.)

**ORDER ENTERED** at Augusta, Georgia this 24th day of August, 2015.

                                                          HONORABLE J. RANDAL HALL
                                                          UNITED STATES DISTRICT JUDGE
                                                          SOUTHERN DISTRICT OF GEORGIA